# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8574 | **DATE** | 12/3/2012 |
| **CASE TITLE** | Lesa McQuinn vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants defendants' motion to dismiss in part and denies it in part [# 22]. Specifically, the Court dismisses plaintiff's Title VII claim but declines to dismiss her claims under 42 U.S.C. § 1981(a) and 42 U.S.C. § 1983. The Court also directs the Clerk to add Cook County as a defendant. By separate order, the Court will appoint counsel to represent plaintiff. The case is set for a status hearing on January 16, 2013 at 9:30 a.m.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Lesa McQuinn filed a *pro se* lawsuit against James Dyson, Stroger Hospital, and Cook County, alleging they had violated her constitutional rights and, perhaps, Title VII of the Civil Rights Act of 1964. Ms. McQuinn filed her lawsuit on a form for *pro se* plaintiffs suing for civil rights violations and also attached a right-to-sue notice from the EEOC, which would indicate that she is making an employment discrimination claim. In a lengthy and rambling attachment to her complaint, Ms. McQuinn alleged that she was treated differently from a co-worker on the basis of race, in connection with, it appears, a failed on-the-job drug test. Based on some of the attachments to her complaint, it appears that Cook County terminated Ms. McQuinn's employment on April 30, 2010.

In the attachment to her complaint, Ms. McQuinn alleged that she received the right-to-sue notice on September 2, 2011. Under Title VII, a plaintiff must file suit within 90 days after receipt of a right-to-sue letter. That means Ms. McQuinn's lawsuit was due on December 1, 2011. She filed this lawsuit one day late, on Friday, December 2, 2011. Ms. McQuinn claims that December 2 is 90 days after September 2, but she has counted wrong. She also argues that weekends should not count, but that is not the law. If December 1 had been a weekend day, she could have filed suit by December 2, but December 1 was a Thursday. The Title VII claim was only one day late, but late is late, and Ms. McQuinn has offered no viable excuse for her late filing. The Court therefore dismisses her Title VII claim as time-barred.

This does not, however, prevent Ms. McQuinn's lawsuit from proceeding. A party claiming race discrimination in employment may sue both under Title VII and under 42 U.S.C. § 1981(a). Because a court is required to read a *pro se* plaintiff's claims liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court reads Ms. McQuinn's complaint as including a claim under section 1981(a). Claims under section 1981(a) have a four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). Because Ms. McQuinn filed suit a little under 20 months after she was terminated, her section 1981 claim is timely.

| STATEMENT |
|---|
| In addition, because Ms. McQuinn has a governmental employer, she may also be suing under 42 U.S.C. § 1983 for violation of her constitutional right to equal protection of the laws. That claim is likewise timely because a two-year statute of limitations applies, and Ms. McQuinn filed suit well within two years of being terminated.<br><br>The Court rejects defendants' argument that the complaint does not adequately describe a claim of race discrimination. Ms. McQuinn alleges that she was treated differently from a similarly-situated person of a different race and that this was because of her race. That is sufficient to state a claim.<br><br>For these reasons, the Court dismisses Ms. McQuinn's Title VII claim but otherwise denies the motion to dismiss. By separate order, the Court will appoint counsel to represent Ms. McQuinn. The case is set for a status hearing on January 16, 2013 at 9:30 a.m. |